IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

DAVID SIMS,                          §
TDCJ #660840,                        §
                                     §
              Petitioner,            §
                                     §
v.                                   §          CIVIL ACTION NO. H-05-2951
                                     §
DOUG DRETKE, Director,               §
Texas Department of Criminal Justice - §
Correctional Institutions Division,  §
                                     §
              Respondent.            §

## MEMORANDUM AND ORDER ON DISMISSAL

The petitioner, David Sims, is an inmate incarcerated in the Texas Department of

Criminal Justice - Correctional Institutions Division (collectively, "TDCJ").  Sims seeks

federal habeas corpus relief under 28 U.S.C. § 2254 from a 1992 state court criminal

conviction.  After reviewing the pleadings in accordance with Rule 4 of the Rules Governing

Section 2254 Cases in the United States District Courts, the Court concludes that the petition

must be **dismissed** for reasons set forth below.

## I.     BACKGROUND

Sims reports that he was convicted on murder charges by a jury in the 262nd District

Court of Harris County, Texas, in cause number 629255.  On November 24, 1992, Sims

received a fifty-year prison sentence.  The conviction was affirmed on direct appeal, *Sims*

*v. State*, No. 01-92-1186-CR, 1994 WL 543485 (Tex. App. — Houston [1st Dist.] Oct. 6,

1994), and the Texas Court of Criminal Appeals refused discretionary review on January 25, 1995.

Sims filed the pending petition for a federal writ of habeas corpus on August 16, 2005.[1] Sims contends that he is entitled to federal habeas corpus relief from his conviction because the trial court refused to instruct the jury about whether Sims was acting under the immediate influence of sudden passion arising from adequate cause when he committed the offense or to otherwise make it possible for the jury to consider whether he was guilty of voluntary manslaughter. Sims argues further that the trial court abused its discretion by convicting him of murder in the absence of proof that he was not acting under the influence of sudden passion when he committed the offense. Sims complains that the trial court erred by questioning him about his confession. Sims also alleges that he was denied effective assistance of counsel during his trial. Notwithstanding these claims, the Court concludes that the petition must be dismissed for reasons set forth below.

## II.    THE ONE-YEAR STATUTE OF LIMITATIONS

According to the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), all federal habeas corpus petitions

---

[1] The Clerk's Office received the petition on August 19, 2005, but the petition was executed on August 16, 2005, indicating that Sims placed his pleadings in the prison mail system on that date. For statute of limitations purposes, courts in this Circuit treat the date a *pro se* prisoner deposits a federal habeas corpus petition in the mail as the filing date. *See Fisher v. Johnson*, 174 F.3d 710, 712 n.8 (5th Cir. 1999) (citing *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (per curiam)), *cert. denied*, 531 U.S. 1164 (2001).

2

filed after April 24, 1996, are subject to a one-year limitations period found in 28 U.S.C.

§ 2244(d), which provides as follows:

>    (d)(1)   A 1-year period of limitation shall apply to an application for a writ of
>    habeas corpus by a person in custody pursuant to the judgment of a
>    State court.  The limitation period shall run from the latest of –
>
>    (A)    the date on which the judgment became final by the conclusion
>    of direct review or the expiration of the time for seeking such
>    review;
>
>    (B)    the date on which the impediment to filing an application
>    created by State action in violation of the Constitution or laws
>    of the United States is removed, if the applicant was prevented
>    from filing by such State action;
>
>    (C)    the date on which the constitutional right asserted was initially
>    recognized by the Supreme Court, if the right has been newly
>    recognized by the Supreme Court and made retroactively
>    applicable to cases on collateral review; or
>
>    (D)    the date on which the factual predicate of the claim or claims
>    presented could have been discovered through the exercise of
>    due diligence.

28 U.S.C. § 2244(d)(1).  Because the pending petition was filed well after April 24, 1996,

the one-year limitations period clearly applies.  *See Flanagan v. Johnson*, 154 F.3d 196, 198

(5th Cir. 1998) (citing *Lindh v. Murphy*, 521 U.S. 320 (1997)). Although the statute of

limitations is an affirmative defense, district courts may raise the defense *sua sponte* and

dismiss a petition prior to any answer if it "plainly appears from the face of the petition and

any exhibits annexed to it that the petitioner is not entitled to relief in the district court."

*Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999) (quoting 28 U.S.C. foll. § 2254 Rule 4).

Because Sims challenges a state court conviction, the statute of limitations for federal habeas corpus review began to run, pursuant to 28 U.S.C. § 2244(d)(1)(A), at "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." As noted above, the Texas Court of Criminal Appeals refused Sims' petition for discretionary review on January 25, 1995. Although Sims did not appeal further by filing a petition for a writ of certiorari with the United States Supreme Court, his time to do so expired ninety days later. Habeas petitioners whose convictions became final before the AEDPA's effective date on April 24, 1996, were afforded a one-year grace period to file their claims for relief in federal court. *See United States v. Flores*, 135 F.3d 1000, 1004 (5th Cir. 1998), *cert. denied*, 525 U.S. 1091 (1999) (discussing a habeas corpus application filed under 28 U.S.C. § 2255). Therefore, Sims had until April 24, 1997, to file his federal writ. *See Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999) (citing *Flanagan*, 154 F.3d at 201-02). Sims' pending petition, filed on August 16, 2005, is late by more than eight years and is therefore time-barred unless an exception applies.

A.    **Statutory Tolling**

Under 28 U.S.C. § 2244(d)(2), the time during which a "properly filed" application for state habeas corpus or other collateral review is pending shall not be counted toward the limitations period. *See Artuz v. Bennett*, 531 U.S. 4 (2000). Sims filed a state habeas corpus application on May 17, 2005, raising the same claims that he presents here. The Texas Court of Criminal Appeals denied relief on July 27, 2005. Because this state habeas proceeding was filed after the limitations period had already expired, it has no tolling effect for purposes

4

of § 2244(d)(2). *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (noting that the statute of limitations is not tolled by a state habeas corpus application filed after the expiration of the limitations period).

Sims has not alleged that he was subject to state action that impeded him from filing his petition in a timely manner. *See* 28 U.S.C. § 2244(d)(1)(B). Further, there is no showing of a newly recognized constitutional right upon which the petition is based; nor is there a factual predicate for the claims that could not have been discovered previously if the petitioner had acted with due diligence. *See* 28 U.S.C. § 2244(d)(1)(C), (D). Accordingly, there is no other statutory basis to save the petitioner's late-filed claims.

B.    **Equitable Tolling**

Sims has included a lengthy memorandum in support of his petition. However, he offers no explanation for his delay in seeking federal habeas corpus review. Acknowledging his delay, Sims instead suggests that he should be allowed equitable tolling because the delay in this case will not prejudice the state's ability to respond. Nevertheless, the statute of limitations for federal habeas corpus review may be equitably tolled at the district court's discretion where "exceptional circumstances" are present. *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999), *cert. denied*, 529 U.S. 1057 (2000); *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998), *cert. denied*, 526 U.S. 1074 (1999).

Equitable tolling is an extraordinary remedy that is only sparingly applied. *See Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96 (1990). The Supreme Court has noted that a habeas corpus petitioner seeking equitable tolling bears the burden of establishing two

5

elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way. *See Pace v. DiGuglielmo*, — U.S. —, 125 S. Ct. 1807, 1814 (2005). "A garden variety claim of excusable neglect does not support equitable tolling." *Coleman*, 184 F.3d at 402.   In that respect, the doctrine of equitable tolling "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Melancon v. Kaylo*, 259 F.3d 401, 407 (5th Cir. 2001) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)).

As noted above, Sims was convicted in 1992, and that conviction became final in 1995.  Sims waited nearly a decade before filing a state habeas corpus application on May 17, 2005.  This record demonstrates a substantial delay on Sims' part, and he offers no valid explanation for his failure to diligently pursue federal habeas relief.  Although Sims proceeds *pro se*, his incarceration and ignorance of the law do not otherwise excuse his failure to file a timely petition and are not grounds for equitable tolling.  *See Fisher,* 174 F.3d at 714; *see also Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2003) (noting that a petitioner's ignorance or mistake is insufficient to warrant equitable tolling); *Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 478 (5th Cir.1991) (finding that "lack of knowledge of the filing deadlines," "lack of representation," "unfamiliarity with the legal process," illiteracy, and "ignorance of legal rights" generally do not justify tolling).

The Court is mindful of the effect a dismissal will have on the petitioner's ability to have his claims heard by a federal court.[2]  *See Felder v. Johnson*, 204 F.3d 168, 173 (5th Cir. 2000), *cert. denied*, 531 U.S. 1035 (2000).  However, the Fifth Circuit has emphasized that the "strict one-year limitations period" imposed by Congress for the filing of all habeas corpus petitions is "subject only to the narrowest of exceptions."  *Fierro v. Cockrell*, 294 F.3d 674, 684 (5th Cir. 2002).  Given the petitioner's apparent lack of diligence in this case, the Court concludes that his circumstances are not among those "rare and exceptional" conditions which warrant deviation from the express rules that Congress has provided.  *See Felder*, 204 F.3d at 173.  Accordingly, equitable tolling will not save his late-filed claims.  The Court therefore concludes that his pending federal habeas corpus petition is barred by the applicable one-year limitations period.

## III.   CERTIFICATE OF APPEALABILITY

Because the habeas corpus petition filed in this case is governed by the AEDPA, codified as amended at 28 U.S.C. § 2253, a certificate of appealability is required before an appeal may proceed.  *See Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir.) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability), *cert. denied sub nom. Monroe v. Johnson*, 522 U.S. 1003 (1997).  "This is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals . . . .'"  *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing 28 U.S.C. § 2253(c)(1)).

---

[2]      The Court notes however that Sims presented the same claims that he raises here on state habeas corpus review.  The Texas Court of Criminal Appeals rejected those claims.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument.  *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). The one-year statute of limitations found in the AEDPA has been in place since 1996.  The Court concludes therefore that jurists of reason would not debate whether the procedural ruling in this case was correct.  Accordingly, a certificate of appealability will not issue in this case.

IV.   **CONCLUSION**

The Court has examined the petition under Rule 4 of the Rules Governing Section 2254 Cases and concludes that it is time-barred.  Accordingly, based on the foregoing, the Court **ORDERS** as follows:

1.   The petitioner's motion for leave to proceed *in forma pauperis* (Docket Entry No. 2) is **GRANTED**.

2.   The petition for a federal writ of habeas corpus (Docket Entry No. 1) is **DISMISSED** with prejudice as barred by the statute of limitations.

3.   A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this order to the parties.

SIGNED at Houston, Texas, on **August 25, 2005.**

Nancy F. Atlas
United States District Judge